IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES | : | CRIMINAL ACTION |
| | : | |
| v. | : | NO. 08-163 |
| | : | |
| DARREN L. CEPHAS, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM

Before the Court is Defendant Darren L. Cephas's Motion to Suppress Physical Evidence.

Defendant is charged with possession with intent to distribute five hundred grams or more of a

mixture and substance containing a detectable amount of cocaine in violation of 21 U.S.C.

§ 841(a)(1), possession of a firearm in furtherance of a drug trafficking crime in violation of 18

U.S.C. § 924(c)(1), and possession of a firearm by a convicted felon in violation of 18 U.S.C.

§ 922(g)(1).  Defendant moves for suppression of the physical evidence seized by agents of the

government on April 26, 2007 on the grounds that it was obtained in violation of his Fourth

Amendment rights, specifically, that the affidavit upon which the Magisterial District Judge

relied was not supported by probable cause.

Defendant's motion is DENIED for the reasons stated of record at the July 14, 2008

hearing on the motion and for the reasons that follow.  The Court finds that there was a

substantial basis for the Magisterial District Judge to find there was probable cause that

Defendant's house contained quantities of drugs and firearms.  The Court also determines that,

even in the absence of probable cause, the police officer who obtained the search warrant had an

objectively reasonable belief that the search warrant was valid, and that, therefore, the evidence is

admissible.

# I.  FACTUAL BACKGROUND

On April 25, 2007, Marple Township Police Officer and Delaware County Narcotics Officer Edward Rosen applied for a warrant to search the premises of 333 Kerlin Street in Chester, Delaware County.  The application for the search warrant identified various items to be seized from the premises, including cocaine and other drugs, as well as firearms.

In the Affidavit of Probable Cause accompanying the warrant application, Officer Rosen detailed his interactions with a confidential informant ("CI #1") to support his belief that the items to be seized would likely be found at 333 Kerlin Street.  In March 2007, CI #1 supplied Officer Rosen with information regarding the location and activities of narcotics dealers in Delaware County and Philadelphia.  Officer Rosen found this information to be reliable based on corroboration through police investigation and CI #1's own knowledge of narcotics dealings. Officer Rosen attested that CI #1 had previously provided information to him that resulted in six arrests, with two convictions and four cases still pending, in addition to information that led to three additional seizures of controlled substances that are presently pending investigation.

In March 2007, CI #1 told Officer Rosen that he knew that cocaine was sold at 333 Kerlin Street because he had purchased cocaine on occasion while at that location during the months prior.  CI #1 further stated that the person selling cocaine at that address was Defendant, who CI #1 described as a black male, approximately 6' 2" tall, with short black hair and light skin. Officer Rosen reported in the affidavit that CI #1 saw Defendant retrieve cocaine from 333 Kerlin Street when C1#1 purchased cocaine from Defendant.  CI #1 also reported to Officer

2

Rosen that other individuals reported that they had also purchased cocaine from Defendant.  CI #1 provided Officer Rosen with information that Defendant drove a rental vehicle described as a white Buick Lacrosse with Pennsylvania registration GKY5497.  Beginning in April 2007,[1] Officer Rosen conducted an observation of 333 Kerlin Street to confirm this information, and saw this vehicle parked in front of the house.

Officer Rosen also described two instances during the week of April 16, 2007 in which he arranged for CI #1 to make controlled purchases of cocaine from 333 Kerlin Street.  For the first controlled purchase, in the presence of Officer Rosen, CI #1 made a phone call to Defendant, who told CI #1 that he possessed cocaine for sale.  Other law enforcement officials observed a black male, fitting the description CI #1 previously provided of Defendant, exit 333 Kerlin Street and enter the Buick Lacrosse.  Law enforcement officials watched Defendant drive directly to CI #1's location, where CI #1 purchased cocaine from Defendant.  Following the sale, CI #1 reported back to Officer Rosen.

For the second controlled purchase, CI #1 again made a phone call to Defendant, who told C1 #1 that he possessed cocaine for sale.  Officer Rosen watched CI #1 walk to the immediate vicinity of 333 Kerlin Street.  Officer Rosen observed a black male, matching CI #1's description of Defendant, exit 333 Kerlin Street and walk to CI #1's location.  Immediately thereafter, Officer Rosen saw Defendant return to and enter 333 Kerlin Street.  After CI #1 returned to Officer Rosen with the controlled purchase, Officer Rosen field tested the substance

---

[1] On page 2 of the Affidavit of Probable Cause, Officer Rosen reports that the surveillance of the rental car occurred in April 2006.  This date appears to be a typographical error.  Even if the investigation began in April 2006, the date does not change the analysis of whether there was probable cause to support the issuance of the search warrant.

and identified it as containing cocaine.

In addition, Officer Rosen reported in the Affidavit that he had searched the Pennsylvania Department of Motor Vehicles records and obtained a photograph of Defendant.  Officer Rosen recognized Defendant, as pictured, as the person he had observed during CI #1's controlled purchases.  Finally, Officer Rosen stated that he examined the Delaware County Real Estate Folio Search and discovered that Defendant is listed as the recorded owner of 333 Kerlin Street.

On April 25, 2007, the Magisterial District Judge authorized a search warrant for 333 Kerlin Street.  On April 26, 2007, Officer Rosen and other officers executed the search warrant at the house and recovered cocaine, firearms, United States currency and additional drug paraphernalia, including other controlled substances.

## II.  DISCUSSION

### A.    The Magisterial District Judge Had A Substantial Basis To Find Probable Cause.

The Magisterial District Judge had a substantial basis to find that there was probable cause to support Officer Rosen's application for a search warrant on April 25, 2007.  A magistrate's determination as to whether a search warrant is supported by probable cause considers the totality of the circumstances, such that "given all the circumstances set forth in the affidavit before [the magistrate judge], including 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983).  When reviewing a magistrate judge's decision to issue a warrant, the district court possesses a limited role and "simply ensures that the magistrate had a substantial basis for concluding that probable

cause existed." <u>United States v. Jones</u>, 994 F.2d 1051, 1055 (3d Cir. 1993); <u>see also</u> <u>Gates</u>, 462 U.S. at 238-239.

Probable cause requires a "sufficient nexus between the contraband to be seized and the place to be searched." <u>United States v. Loy</u>, 191 F. 3d 360, 365 (3d Cir. 1999). Information from a confidential informant who has previously provided accurate and reliable information regarding criminal activity may support a finding of probable cause. <u>See</u> <u>United States v. Hodge</u>, 246 F.3d 301, 306 (3d Cir. 2001).

In this case, the Magisterial District Judge had a substantial basis to find that there was probable cause that Defendant's house at 333 Kerlin Street contained narcotics and weapons. The affidavit set forth sufficient information to suggest that CI #1's information was reliable based on his past assistance and his interactions with Defendant involving controlled purchases of cocaine. Additionally, given that CI #1 told Officer Rosen that he had purchased cocaine at 333 Kerlin Street, it was reasonable for the Magisterial District Judge to conclude that these purchases did, in fact, take place at the location. Moreover, the affidavit sets forth that CI #1 purchased cocaine from Defendant after Defendant retrieved it from the residence.

The affidavit also indicated that there was reliable information regarding a relationship between Defendant, the house at 333 Kerlin Street, the distribution of cocaine and the Buick Lacrosse. Contrary to the Defendant's argument that this connection was tenuous, Defendant does have an established connection to the house at 333 Kerlin Street as the owner of the property, even if he did not live there exclusively. In addition, law enforcement officials observed Defendant enter and leave the house on several occasions. During the controlled sales, the affidavit sets forth that law enforcement officials watched as the Defendant exited 333 Kerlin

Street, entered the Buick Lacrosse, then met with CI #1 to sell cocaine.  Further, as Defendant indicated to CI #1 during a telephone call that Defendant possessed additional cocaine, the Magisterial District Judge could have reasonably concluded that quantities of cocaine would be kept at 333 Kerlin Street.

Therefore, there is a substantial basis to support the Magisterial District Judge's determination that the totality of the circumstances indicated there was probable cause that drugs and weapons were located inside 333 Kerlin Street.

**B.      Officer Rosen Had A Good Faith Belief That The Warrant Was Supported By Probable Cause.**

Even if the search warrant was not supported by probable cause, Officer Rosen possessed a good faith belief that there was adequate probable cause for the issuance of the search warrant. If an officer has an objectively reasonable belief that a search warrant issued by a detached and neutral magistrate is valid, evidence seized from a search is admissible if it is later determined that the warrant lacked probable cause.  See United States v. Leon, 468 U.S. 897, 913 (1984).

Officer Rosen testified that the Magisterial District Judge signed the search warrant in his presence after reviewing the affidavit.  There is no indication that the Magisterial District Judge departed from his role as a detached and neutral magistrate.  Further, the affidavit itself contained sufficient information to establish the reliability of CI #1.

Therefore, Officer Rosen possessed an objectively reasonable belief that the search warrant was valid, and the evidence seized from the search of 333 Kerlin Street is admissible.

**III.  CONCLUSION**

For the foregoing reasons, Defendant's Motion to Suppress Physical Evidence is denied.

An Order follows.