IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION No. 08-163 |
| | : | CIVIL ACTION No. 12-6625 |
| v. | : | |
| | : | |
| DARREN CEPHAS | : | |

### MEMORANDUM

J. WILLIAM DITTER, JR., J.                                         July 2, 2014

Before the court is a pro se motion to vacate, set aside or correct a sentence under 28 U.S.C. § 2255 ("2255 motion") filed by Darren Cephas and the response of the Respondents. Cephas is currently incarcerated at the Federal Correctional Institution in Loretto, Pennsylvania. For the reasons that follow, Cephas's motion will be denied.

### I.   FACTS AND PROCEDURAL HISTORY:

On April 25, 2007, a search warrant was issued for a property owned by Cephas located at 333 Kerlin Street in Chester, Pennsylvania. Execution of the search warrant at the property resulted in the recovery of cocaine, firearms, United States currency, drug paraphernalia and other controlled substances.

Cephas was arrested and charged with drug and firearm offenses. He filed a motion to suppress physical evidence which the Honorable James T. Giles, United States District Court Judge for the Eastern District of Pennsylvania, denied after holding an evidentiary hearing.

A jury subsequently convicted Cephas of possession with the intent to distribute more than 500 grams of cocaine, possession of a firearm in furtherance of a drug

trafficking crime, and as a felon in possession of a firearm on August 28, 2008. Judge Giles sentenced Cephas to the mandatory minimum sentence of 120 months on the drug count, a concurrent sentence of 13 months on the charge of being a felon in possession of a firearm, and a mandatory consecutive term of 60 months for possession of a firearm in furtherance of a drug trafficking crime. Cephas was also sentenced to an 8 year term of supervised release, a $5,000 fine and a $300 special assessment.

Cephas filed a motion for judgment of acquittal arguing that the government had failed to prove that he constructively possessed the contraband seized from the Kerlin Street property. Cephas also argued, in the alternative, that he was entitled to a new trial because Judge Giles had refused to grant his request for a continuance to procure a witness that would have testified regarding the occupation of the Kerlin Street property by a lessee other than Cephas. On June 4, 2009, the Honorable Michael M. Baylson, District Court Judge for the Eastern District of Pennsylvania, denied Cephas's motion for judgment of acquittal or a new trial.[1]

On February 3, 2011, the Court of Appeals for the Third Circuit affirmed the judgment. The United States Supreme Court denied his petition for writ of <u>certiorari</u> on October 3, 2011.

Cephas filed this timely § 2255 motion on July 30, 2012, arguing that he was

---

[1] Cephas's case was transferred to Judge Baylson on September 25, 2008.

denied the effective assistance of trial and appellate counsel when counsel failed to argue that:

> 1) the search warrant of 333 Kerlin Street was issued without probable cause;[2]
>
> 2) the evidence at trial was insufficient to establish that Cephas possessed the firearms, drugs and other contraband seized during the search of 333 Kerlin Street; and
>
> 3) the evidence at trial was insufficient to establish that Cephas possessed a firearm in furtherance of a drug trafficking crime.

Respondents have filed a response in opposition to Cephas's motion arguing that his claims are meritless.[3]

## II. DISCUSSION

A prisoner in custody pursuant to a sentence imposed by a federal court who believes "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255.

Cephas has set forth three claims of ineffective assistance of counsel.[4] The Sixth

---

[2] This claim is set forth as 2 separate claims on Cephas's habeas petition; however, the issue underlying both claims 1 and 2 is the same, therefore, I address all arguments together.

[3] This case was transferred to my docket on November 11, 2013.

[4] Although these claims were not presented on direct appeal, the United States Supreme Court has determined that it is preferable for ineffective assistance of counsel claims be considered on collateral appeal rather than on direct appeal. United States v. Thornton, 327 F.3d

3

Amendment to the United States Constitution has been interpreted to provide that a criminal defendant is entitled to reasonably effective assistance of counsel. See U.S. Const. Amend. VI; Strickland v. Washington, 466 U.S. 668 (1984). In Strickland, the United States Supreme Court set forth the standard for a Cephas seeking habeas relief on the grounds of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Id. at 687. Because "it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable," a court must be "highly deferential" to counsel's performance and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

The Court of Appeals for the Third Circuit has stated that it is "only the rare claim of ineffective assistance of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." United States v. Kauffman, 109 F.3d 186, 190 (3d Cir. 1997) (quoting United States v. Gray, 878 F.2d

---

268, 271-72 (3d Cir. 2003) (citing Massaro v. United States, 538 U.S. 500 (2003) (holding that "ineffective-assistance claims ordinarily will be litigated in the first instance in the district court, the forum best suited to determining the adequacy of representation during an entire trial")).

4

702, 711 (3d Cir. 1989)).

### A. Ineffective Assistance of Counsel for Failing to Argue that Search of his Property was Issued Without Probable Cause

Cephas claims that counsel was ineffective for failing to argue that the search warrant for 333 Kerlin Street was issued without probable cause. The Fourth Amendment protects individuals from unreasonable searches and seizures. U.S. Const. amend. IV. "'[T]he ultimate measure of the constitutionality of a governmental search is reasonableness[,]' Maryland v. King, - U.S. - , 133 S.Ct. 1958, 1969, 186 L.Ed.2d 1 (2013) (internal quotation marks omitted); however, absent special circumstances, law enforcement agents must obtain a warrant from a neutral magistrate based on probable cause." United States v. Golson, 743 F.3d 44, 51 (3d Cir. 2014) (citing King, supra; Treasury Employees v. Von Raab, 489 U.S. 656, 667, 109 S.Ct. 1384, 103 L.Ed.2d 685 (1989)).

A court must give "great deference to the magistrate judge's probable cause determination" in analyzing a challenge to a probable cause determination underlying a warrant. United States v. Hodge, 246 F.3d 301, 305 (3d Cir. 2001). "A magistrate judge properly finds probable cause when, considering the totality of the circumstances, 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" Illinois v Gates, 462 U.S. 213, 238 (1983). "[A]s long as there is a substantial basis for a fair probability that evidence will be found[,]" a warrant must be upheld. United States v. Conley, 4 F.3d 1200, 1205 (3d Cir. 1993).

Cephas alleges that counsel was ineffective for failing to argue that the police failed to include information in the affidavit of probable cause regarding the fact that Cephas resided at 512 Parker Street, rather than 333 Kerlin Street, because it would have made a finding of probable cause more problematic. Moreover, he contends that counsel should have argued that the officers did not personally observe any illegal activity occurring inside or close to 333 Kerlin Street.

Judge Giles denied Cephas's underlying illegal search claim in his motion to suppress. In doing so, he summarized the factual background as follows:

> On April 25, 2007, Marple Township Police Officer and Delaware County Narcotics Officer Edward Rosen applied for a warrant to search the premises of 333 Kerlin Street in Chester, Delaware County. The application for the search warrant identified various items to be seized from the premises, including cocaine and other drugs, as well as firearms.
>
> In the Affidavit of Probable Cause accompanying the warrant application, Officer Rosen detailed his interactions with a confidential informant ("CI #1") to support his belief that the items to be seized would likely be found at 333 Kerlin Street. In March 2007, CI #1 supplied Officer Rosen with information regarding the location and activities of narcotics dealers in Delaware County and Philadelphia. Officer Rosen found this information to be reliable based on corroboration through police investigation and CI #1's own knowledge of narcotics dealings. Officer Rosen attested that CI #1 had previously provided information to him that resulted in six arrests, with two convictions and four cases still pending, in addition to information that led to three additional seizures of controlled substances that are presently pending investigation.
>
> In March 2007, CI #1 told Officer Rosen that he knew that cocaine was sold at 333 Kerlin Street because he had purchased cocaine on occasion while at that location during the months prior. CI #1 further stated that the person selling cocaine at that address was [Cephas], who CI #1 described as a black male, approximately 6'2" tall, with short black hair and light skin.

6

> Officer Rosen reported in the affidavit that CI #1 saw [Cephas] retrieve cocaine from 333 Kerlin Street when CI #1 purchased cocaine from [Cephas]. CI #1 also reported to Officer Rosen that other individuals reported that they had also purchased cocaine from [Cephas]. CI #1 provided Officer Rosen with information that [Cephas] drove a rental vehicle described as a white Buick Lacrosse with Pennsylvania registration GKY5497 [footnote omitted]. Beginning in April 2007, Officer Rosen conducted an observation of 333 Kerlin Street to confirm this information, and saw this vehicle parked in front of the house.
>
> Officer Rosen also described two instances during the week of April 16, 2007, in which he arranged for CI #1 to make controlled purchases of cocaine from 333 Kerlin Street. For the first controlled purchase, in the presence of Officer Rosen, CI #1 made a phone call to [Cephas], who told CI #1 that he possessed cocaine for sale. Other law enforcement officials observed a black male, fitting the description CI #1 previously provided of [Cephas], exit 333 Kerlin Street and enter the Buick Lacrosse. Law enforcement officials watched [Cephas] drive directly to CI #1's location, where CI #1 purchased cocaine from [Cephas]. Following the sale, CI #1 reported back to Officer Rosen.
>
> For the second controlled purchase, CI #1 again made a phone call to [Cephas], who told CI #1 that he possessed cocaine for sale. Officer Rosen watched CI #1 walk to the immediate vicinity of 333 Kerlin Street. Officer Rosen observed a black male, matching CI #1's description of [Cephas], exit 333 Kerlin Street and walk to CI #1's location. Immediately thereafter, Officer Rosen saw [Cephas] return to and enter 333 Kerlin Street. After CI #1 returned to Officer Rosen with the controlled purchase, Officer Rosen field tested the substance and identified it as containing cocaine.
>
> In addition, Officer Rosen reported in the Affidavit that he had searched the Pennsylvania Department of Motor Vehicles records and obtained a photograph of [Cephas]. Officer Rosen recognized [Cephas], as pictured, as the person he had observed during CI #1's controlled purchases. Finally, Officer Rosen stated that he examined the Delaware County Real Estate Folio Search and discovered that [Cephas] is listed as the recorded owner of 333 Kerlin Street.

United States v. Cephas, 2008 WL 3919366, at *1-2 (E.D. Pa. Aug. 22, 2008) (J. Giles).

7

As an initial matter, I note that trial counsel pursued the instant issues by filing a pretrial motion to suppress physical evidence seized from 333 Kerlin Street. In doing so, counsel argued that the warrant lacked probable cause to justify the search because the affidavit of probable cause "simply places [Cephas] entering or leaving the premises at about the time of the transactions." See Mem. Re Mot. to Suppress at 1. Since drug transactions did not take place inside, or immediately near, 333 Kerlin Street, counsel argued that no direct evidence linked the residence to drug trafficking. Id. at 2. Counsel also argued that although Cephas owned 333 Kerlin Street, his legal residence was 512 Parker Street. Id. at 2. These are the very claims that Cephas now alleges counsel failed to present. Thus, this claim is belied by the record. Moreover, counsel cannot be deemed ineffective for failing to present claims which he did pursue.[5]

In any event, Cephas's claim fails because he has failed to establish that he was prejudiced by counsel's alleged ineffective assistance. Upon review of Cephas's motion to suppress, which set forth substantially the same underlying arguments submitted here, the trial court determined that the information in the affidavit provided a substantial basis for issuance of the search warrant. The district court concluded:

> In this case, the Magisterial District Judge had a substantial basis to find that there was probable cause that [Cephas's] house at 333 Kerlin Street contained narcotics and weapons. The affidavit set forth sufficient information to suggest that CI #1's information was reliable based on his

---

[5] Indeed, as previously noted, Judge Giles held an evidentiary hearing on Cephas's motion to suppress during which trial counsel cross-examined the affiant to the search warrant and presented Cephas's sister as a witness.

8

past assistance and his interactions with [Cephas] involving controlled purchases of cocaine. Additionally, given that CI #1 told Officer Rosen that he had purchased cocaine at 333 Kerlin Street, it was reasonable for the Magisterial District Judge to conclude that these purchases did, in fact, take place at the location. Moreover, the affidavit sets forth that CI #1 purchased cocaine from [Cephas] after [Cephas] retrieved it from the residence.

The affidavit also indicated that there was reliable information regarding a relationship between [Cephas], the house at 333 Kerlin Street, the distribution of cocaine and the Buick Lacrosse. Contrary to the [Cephas's] argument that this connection was tenuous, [Cephas] does have an established connection to the house at 333 Kerlin Street as the owner of the property, even if he did not live there exclusively. In addition, law enforcement officials observed [Cephas] enter and leave the house on several occasions. During the controlled sales, the affidavit sets forth that law enforcement officials watched as [Cephas] exited 333 Kerlin Street, entered the Buick Lacrosse, then met with CI #1 to sell cocaine. Further, as [Cephas] indicated to CI #1 during a telephone call that [Cephas] possessed additional cocaine, the Magisterial District Judge could have reasonably concluded that quantities of cocaine would be kept at 333 Kerlin Street.

Therefore, there is a substantial basis to support the Magisterial District Judge's determination that the totality of the circumstances indicated there was probable cause that drugs and weapons were located inside 333 Kerlin Street.

United States v. Cephas, 2008 WL 3919366, at *3 (E.D. Pa. Aug. 22, 2008) (J. Giles).

Even if counsel's arguments were not presented in the exact manner which Cephas would have liked, the substance of the arguments were presented to, and rejected by, the district court. Indeed, Judge Giles concluded that there was "a substantial basis to support the Magisterial District Judge's determination that the totality of the circumstances indicated there was probable cause that drugs and weapons were located inside 333 Kerlin Street." Cephas, 2008 WL 3919366, at *3. In a similar manner, I conclude that there was substantial basis for the magistrate judge's probable cause finding. As Judge

9

Giles set forth in detail, there was ample evidence to link the property at 333 Kerlin Street to drug transactions. As a result, counsel's alleged failure to present Cephas's arguments in the exact manner which Cephas desired failed to prejudice him.[6] Thus, Cephas's claim of ineffective assistance of counsel is denied.

### B.     Ineffective Assistance of Counsel for Failing to Argue that the Evidence at Trial was Insufficient to Establish that Cephas Constructively Possessed Firearms, Drugs and Other Contraband

Cephas claims that counsel was ineffective for failing to argue that the evidence at trial was insufficient to establish that Cephas constructively possessed the firearms, drugs and other contraband seized during the search of 333 Kerlin Street. As in the previous argument, contrary to Cephas's assertions, counsel did present a challenge to Cephas's

---

[6] Cephas also argues that he was entitled to a Franks hearing based on the fact that the affidavit of probable cause failed to indicate that Cephas resided at 512 Parker Street, rather than 333 Kerlin Street. "The Fourth Amendment prohibits the intentional or reckless inclusion of a material false statement (or omission of material information) in a search-warrant affidavit." United States v. Pavulak 700 F.3d 651, 665 (3d Cir. 2012) (citing United States v. Yusuf, 461 F.3d 374, 383–84 (3d Cir. 2006). "In Franks v. Delaware, 438 U.S. 154, 164-65 (1978), the Supreme Court held that a defendant may be entitled to challenge the truthfulness of facts alleged in support of a search-warrant application." Id. In the instant case, counsel failed to request a Franks hearing to challenge the omission of evidence regarding his primary residence. I conclude that Cephas has failed to establish that he was prejudiced by counsel's failure to do so. I note that in an effort to demonstrate that the search warrant was issued without probable cause in his motion to suppress, counsel did argue that county tax records and Pennsylvania DMV driver's license data indicated Cephas's primary residence was located at 512 Parker Street. See Mem. Re Mot. to Suppress at 5. Upon consideration of the arguments presented in the motion to suppress, including evidence that Cephas's primary residence was 512 Parker street - not 333 Kerlin Street - Judge Giles determined that the search warrant was issued with probable cause. Therefore, it follows that the finding of probable cause did not depend on the omission of information regarding Cephas's primary residence. Consequently, Cephas was not prejudiced by counsel's failure to seek a Franks hearing

10

alleged "possession" of the seized firearms, drugs and other contraband both at trial and in his post-trial motion for acquittal.[7] As a result, counsel cannot be deemed ineffective for failing to pursue an argument which he presented to the court.

Notwithstanding, I will review Cephas's claim. The Third Circuit has defined constructive possession as follows:

> Constructive possession exists if an individual knowingly has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons. Constructive possession necessarily requires both dominion and control over an object and knowledge of that object's existence.

United States v. Cunningham, 517 F.3d 175, 178 (3d Cir. 2008) (citing United States v. Iafelice, 978 F.2d 92, 96 (3d Cir.1992)) (internal quotation marks and citations omitted). The fact finder may infer the intent to exercise control over contraband from the totality of the circumstances. Jackson v. Byrd, 105 F.3d 145, 148 (3d Cir. 1997).

In the instant case, there was sufficient evidence from which the jury could have inferred constructive possession of the firearms, drugs and other contraband at issue; therefore, Cephas has failed to establish that he was prejudiced by counsel's failure to raise such a claim. As Judge Baylson noted upon review of the evidence, Cephas

---

[7] In the motion for acquittal, counsel argued that the government's evidence did not directly connect Cephas to drugs or guns, but rather was only based on ownership and access to 333 Kerlin Street. In support thereof, counsel argued: Cephas was not present at the time of the search; there was no direct evidence that Cephas was actually residing in the house at the time of the search; the firearms were not registered to Cephas; there was a lack of direct evidence that Cephas had knowledge that there were drugs or guns in the house; and there was no evidence that Cephas was the sole occupant of 333 Kerlin Street. See Def. Mem. in Supp. of Mot. For J. of Acquittal or New Trial, at 3-5.

11

stipulated that he owned 333 Kerlin Street and during the two weeks prior to execution of the search warrant, officers observed Cephas exiting and re-entering the property alone. United States v. Cephas, 2009 WL 1587587, at *2, 4 (E.D. Pa. June 4, 2009) (citing N.T. 8/25/08, p.28-31)). Moreover, no other individual was seen entering or leaving the property during the surveillance period. Id. (citing N.T. 8/25/08, p.28-31). Judge Baylson outlined the evidence underlying the basis for his conclusion that Cephas constructively possessed the contraband at issue as follows:

> First, Cephas owned the property where the contraband was found, which . . . is strongly indicative of his control and dominion over the contraband under Pennsylvania law. Furthermore, the government presented substantial evidence that [Cephas] was residing in, or at least occupying to some extent, that property. Not only did police find Cephas' identification cards, mail, and recent credit card bills addressed to the residence, but they also found his photographs and male clothing that would fit someone of his size. [Cephas] also had a current account in his name for a home security system for that residence . . . [T]he extensive evidence here can clearly support the jury's inference of residence and therefore of constructive possession.

United States v. Cephas, 2009 WL 1587587, at *6 (E.D. Pa. June 4, 2009) (citations omitted).[8]

---

[8] The specific evidence linking Cephas to 333 Kerlin Street follows:

[I]n the master bedroom on the second floor, police found several articles of expensive men's clothing, all in larger sizes, which the government argued would fit [Cephas]. (N.T. Pg. 40, Aug. 25, 2008; N.T. Pgs. 26, 62, Aug. 27, [2008]). In the same room, police also discovered several pieces of mail of mail addressed to "Darren Cephas[]" at 333 Kerlin Street. This mail included a current bill from PECO, the local utility company, as well as a bill from City Financial Retail Services for the billing cycle ending on April 16, 2007. (N.T. Pg. 40, Aug. 25, 2008; N.T. Pgs. 20-21, Aug. 26, 2008). Several pieces of solicitation mail addressed to "Darren Cephas" at 333 Kerlin Street were also retrieved from the

As Judge Baylson concluded in his comprehensive discussion, the evidence of dominion and control over the evidence seized at 333 Kerlin Street was sufficient to establish constructive possession; therefore, I conclude that Cephas has failed to establish that he was prejudiced by any alleged ineffective assistance of counsel with regard to "possession" claims.[9] This claim is denied.

---

bedroom. (N.T. Pgs. 21-22, Aug. 26, 2008).

In addition, police found a checkbook containing multiple check pads for Darren L. Cephas, with an address of 512 Parker Street. (N.T. Pg. 41, Aug. 25, 2008; N.T. Pg. 19, Aug. 26, 2008). [Cephas's] sister, Charmaine Cephas, testified at trial that 512 Parker Street was the address of her mother's home in Chester, Pennsylvania. (N.T. Pg. 112, Aug. 26, 2008). Several prescription bottles for Darren Cephas were also found in the master bedroom. (N.T. Pg. 18, Aug. 25, 1008). Finally, police found a high school identification card for [Cephas] and several pictures of [Cephas] in the house. (N.T. Pg. 41, Aug. 25,m 1008, N.T. Pgs. 20, 33, Aug. 26, 2008). The government also offered evidence of an account opened by Darren Cephas for a Brinks Home Security System, which was installed in December 2005 in the house at 333 Kerlin Street. (N.T. Pgs. 36-[3]7, Aug. 26, 1008). A document from the company indicated an individual identified as "Darren Cephas" had called about his service for the account in March 2007. (N.T. Pgs. 50-51, Aug. 26, 2008).

United States v. Cephas, 2009 WL 1587587, at *4 (E.D. Pa. June 4, 2009).

[9] Cephas continues to allege that "constructive possession" is negated by the fact that he had leased 333 Kerlin Street to Brian Bradley and that Mr. Bradley was "occupying the property" both during surveillance and when the search warrant was executed. See Def.'s Resp. (Doc. No. 102), at 12, 16. This argument was presented unsuccessfully at trial. Although Cephas presented his two sisters as witnesses at trial in support of the argument that Mr. Bradley was renting 333 Kerlin Street, the government presented a rebuttal witness who testified that Mr. Bradley had not lived at 333 Kerlin Street and that an alleged lease signed by Mr. Bradley was a forgery. United States v. Cephas, 2009 WL 1587587, at *5 (E.D. Pa. June 4, 2009).

13

### C. Ineffective Assistance of Counsel for Failing to Argue that the Evidence at Trial was Insufficient to Establish Possession of Firearm in Furtherance of a Drug Trafficking Crime

Cephas argues that counsel was ineffective for failing to argue that the evidence at trial was insufficient to establish that Cephas possessed a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1).[10] The elements supporting a conviction for the crime are: "(1) the defendant committed the underlying drug trafficking crime; (2) the defendant knowingly possessed a firearm; and (3) the possession was in furtherance of the underlying drug trafficking crime." United States v. Bobb, 471 F.3d 491, 496 (3d Cir. 2006).

The Third Circuit has applied a "non-exclusive list of eight factors to determine if there is a sufficient nexus between the possession of guns and the predicate crime to warrant a conviction under § 924(c)." United States v. Coles, - Fed.Appx. - , 2014 WL 169656, at *2-3 (3d Cir. Jan. 16, 2014) (citing United States v. Sparrow, 371 F.3d 851, 853 (3d Cir. 2004)). Those factors are:

> the type of drug activity that is being conducted, accessibility of the firearm, the type of the weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found.

---

[10] Cephas argues that the government failed to prove that he "used or carried a firearm" and "that the use or carrying was during and in relation to" his predicate offense. See 18 U.S.C. § 924(c)(1). Because, however, Cephas was charged with "possessing" a firearm in furtherance of a drug trafficking crime, rather than using or carrying a firearm, the government only needed to prove possession. Consequently, I will review his claim in this context.

14

Id. (citation omitted).

I conclude that the evidence was sufficient to support Cephas's conviction for possession of a firearm in furtherance of a drug trafficking crime. During the search of 333 Kerlin Street, police found a black backpack on a flight of stairs leading to the basement of the property. Inside the backpack, police found the following:

> . . . a large amount of money wrapped in plastic, several clear bags containing a white substance, and two firearms. (N.T. Pgs. 36-37, Aug. 25, 2008). Later analysis revealed the white substance to be 483 grams of cocaine. (N.T. Pg. 10, Aug. 26, 2008). The money in the bag was later counted and recorded as $22,700. (N.T. Pg. 29, Aug. 26, 2008). The backpack also contained two digital scales, one large and one small, and a white residue was found on the smaller scale. (N.T. Pg. 12, Aug. 26, 2008). Finally, in the backpack police found a jar of inositol, which Officer Rosen explained is a cutting agent used to make the cocaine into a larger quantity. (N.T. Pg. 13, Aug. 26, 2008).

United States v. Cephas, 2009 WL 1587587, at *3 (E.D. Pa. June 4, 2009).

The backpack contained a large quantity of cocaine with equipment for street sale. Cephas was a felon illegally in possession of the handguns. The firearms were loaded and strategically located so that they would be available and accessible whenever Cephas retrieved drugs from the backpack. Because it is reasonable to assume that the loaded handguns were placed in the backpack for protection and were possessed in furtherance of Cephas's drug activities, United States v. Sparrow, 371 F.3d 851, 854 (3d Cir. 2004), trial counsel can not be deemed ineffective for failing to present a meritless argument regarding the sufficiency of evidence supporting his conviction for possession of a

15

firearm. United States v. Sanders, 165 F.3d 248, 253 (3d Cir. 1999) ("There can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument."). This claim is denied.

### D. Ineffective Assistance of Appellate Counsel

Cephas next argues that appellate counsel was ineffective for failing for pursue the previous claims of ineffective assistance of counsel on direct appeal.[11] I therefore must determine whether Cephas's right to effective assistance of counsel on direct appeal, see Evitts v. Lucey, 469 U.S. 387, 393-94 (1985), was violated when the attorney who represented him at that stage failed to argue that trial counsel had rendered ineffective assistance regarding these claims. In order to satisfy the first prong of the Strickland test, Cephas is required to show that appellate counsel's failure to raise the abovementioned arguments on appeal fell outside "the wide range of reasonable professional assistance; that is, [he would have to] overcome the presumption that, under the circumstances, the challenged action 'might be considered sound [appellate] strategy.'" Buehl v. Vaughn, 166 F.3d 163, 173 (3d Cir. 1999) (citing Strickland, 466 U.S. at 689). "One element of effective appellate strategy is the exercise of reasonable selectivity in deciding which arguments to raise." Id.; see Smith v. Murray, 477 U.S. 527, 536 (1986) (stating that the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of appellate

---

[11] Trial counsel did not represent Cephas on appeal.

advocacy") (quoting Jones v. Barnes, 463 U.S. 745, 751-752 (1983)).

In this case, I conclude that the weight of the evidence against Cephas as well as the procedural history of the case made it strategically unwise to select the aforementioned claims of ineffective assistance of counsel on direct appeal. Cephas's underlying claims regarding the denial of his motion to suppress and sufficiency of the evidence had been thoroughly explored and denied in previously filings. Moreover, the stringent standard of review for these fact-specific claims would have further reduced the chance of success of these claims on appeal. As a result, I conclude that counsel on direct appeal based her decisions on reasonable appellate strategy. Consequently, Cephas's claim of ineffective assistance of appellate counsel is denied.

An appropriate order follows.[12]

---

[12] Where, as here, the record is sufficient to allow a determination of Cephas's claims, an evidentiary hearing to develop the facts is not needed. See Rules Governing Section 2255 Proceedings, Rule 8.